THE PEOPLE *v.* ALOMAR.

APPEAL from the District Court of Guayama.

No. 1.—Decided March 15, 1906.

INFORMATION—DEMURRER.—It is not error for a court to refuse to consider a demurrer to an information filed by the defendant at the beginning of the trial, because his rights are not prejudiced, inasmuch as under a plea of not guilty he may attack any substantial defect contained in the information, either during the trial or after verdict, by a motion in arrest of judgment.

ID.—DEFECT OF FORM.—Failure to allege in an information before what official the witnesses, whose testimony served as a basis of such information were sworn, does not constitute a fundamental defect, but merely a defect of form.

ID.—DATE CF COMMISSION OF CRIME—STATUTE OF LIMITATIONS.—It is not necessary to set forth in the information the date upon which the crime was committed, it being sufficient to allege that it was committed upon a date prior to the filing of the information and within the statute of limitations.

ID.—EMBEZZLEMENT.—Where the crime of embezzlement consists in the appropriation of a horse, mare, gelding, cow, steer, bull, calf, mule, jack or jenny, it is not necessary to state the value of such animal in the information, inasmuch as the crime is a felony.

ID.—The crime of embezzlement consists in the fraudulent appropriation of property, and, therefore, an information must state clearly what property was appropriated, and where it is a sum of money it must be so alleged, and the amount thereof must be stated, in order that the defendant may know whether he is charged with a felony or a misdemeanor.

ID.—The fact that the word "felony" is used in an information after charging the accused with the crime of embezzlement, is not sufficient to inform the defendant that he is charged with the crime of having appropriated a sum of money in excess of $50.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Guayama in a case of embezzlement. The defendant was accused of having received a horse from Pablo Antonnetti, for the purpose of selling it, and having fraudulently and illegally appropriated the proceeds of the same to his own use. On the day set for the trial of the case, after both parties had appeared and announced themselves ready for trial, the information was read, and at that time the defendant offered a demurrer to the information on various grounds. But the court refused to consider the demurrer, because it was offered too late, proceeding apparently under section 152 of the Code of Criminal Procedure which provides.

"Both the demurrer and the plea must be put in open court, either at the time of the arraignment, or at such other time as may be allowed to the defendant for that purpose."

The defendant does not lose any rights by such a practice, because under section 161 he may still take advantage of any substantial defect under the plea of not guilty, or after the

trial, in arrest of judgment, and we are of the opinion that the court committed no error in refusing to hear the demurrer. The case was then in the same condition as if no demurrer had been offered or filed. We have examined the proposed demurrer in order to see if there had been any fundamental error in the proceedings of the court below.

With respect to the first ground, namely, that the information does not state before whom the witnesses were sworn, the objection cannot be considered other than a formal defect and not a fundamental error.

The failure to allege the day and the month of the commission of the crime does not constitute a fundamental error, as it was sufficient to allege a time anterior to the presentation of the case, and within the statute of limitations. (See the opinion of this court in the case of *The People of Porto Rico* v. *Angel Santos y Santos,* decided April 28, 1905 (8 P. R., Reps., p. 348).

The third ground is as follows: "That the information fails to express the value of the horse on which the information is founded, this requirement being necessary to determine the jurisdiction, because in article 455 of the Penal Code it is provided that the crime of embezzlement shall be punished in the form prescribed for feloniously stealing property of the value of that embezzled, with the result that if such value does not exceed $50, the crime will be punished as a misdemeanor, in which case it is within the jurisdiction of the municipal court, and if it exceeds such sum it falls within the jurisdiction of the district court, being a felony." If this objection was addressed, as it seems to have been, only to the failure of the information to allege the value of the horse, assuming that to be the thing embezzled, then the information was plainly sufficient in this regard, because section 455 of the Penal Code, to which the motion refers, makes reference back to the punishment prescribed for larceny, which is defined in sections 428, 429, 430 and 431 of the Penal Code. And so it would thus appear under section 428 of that Code

that when the property taken is a horse, mare, etc., the offense is punishable in the same manner as grand larceny.

If the pleader assumed that the theory of the trial was that the defendant had embezzled a horse, and if such assumption was correct, there was no necessity for naming the value of the animal in the information, for the mere fact of embezzling a horse under the section cited was sufficient It must be noted, however, that the information charges the defendant with having appropriated the proceeds (*producto*) of the horse.

The question then arises whether charging the defendant with appropriating the proceeds of the horse which was entrusted to him for the purpose of selling it, sufficiently alleges an offense. The crime of embezzlement consists in the fraudulent appropriation of property, hence it should clearly appear what property was appropriated. If it is a sum of money that fact should be stated. In the case at bar the fact that the defendant sold the horse, if indeed he did so, is left to inference. The information in this case is fatally lacking in certainty.

Furthermore, it should appear from the words charging the embezzlement that the offense is punishable as a felony. Section 455 of the Penal Code provides:

"Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled; and where the property embezzled is an evidence of debt or right of action, the sum due upon it or secured to be paid by it shall be taken as its value: *Provided,* That if the embezzlement or defalcation be of the public funds of the United States, or of Porto Rico, or of any municipality, city, or village of Porto Rico, the offense is a felony, and shall be punishable by imprisonment in the penitentiary not less than one year nor more than ten years; and the person so convicted shall be ineligible thereafter to any office of honor, trust, or profit in Porto Rico."

Now while the word "felony" is inserted after the words

*abuso de confianza,* this is not the way to appraise the defendant that he is charged with having appropriated a sum greater than $50.

Section 428, paragraph 1, defines the felonious stealing of property of the value of $50 and upward as grand larceny. Section 430 makes the punishment for stealing such a sum imprisonment in the penitentiary for not less than one nor more than ten years. Thus the felonious stealing of $50 and upwards is punishable as a felony, as defined in section 14 of the Penal Code. By that section, as well as by sections 429 and 431, any felonious stealing not included in section 428 is punishable as a misdemeanor.

There was no sum named in the information in the present case, and there was no proper notice to the defendant of whether the offense charged against him was punishable as a felony or a misdemeanor. For these reasons the sentence of the District Court of Guayama must be reversed.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.